## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DERRICK B. PIERRE (#315407)**                      **CIVIL ACTION NO.**

**VERSUS**                                           **18-1094-JWD-EWD**

**LOCAL RULE POLICY MAKER FOR**
**THE FIRST CIRCUIT COURT OF APPEAL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 23, 2019.


_____
**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**DERRICK B. PIERRE (#315407)**                         **CIVIL ACTION NO.**

**VERSUS**                                                              **18-1094-JWD-EWD**

**LOCAL RULE POLICY MAKER FOR**
**THE FIRST CIRCUIT COURT OF APPEAL**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

*Pro se* Plaintiff, Derrick B. Pierre ("Plaintiff"), an inmate confined at the Rayburn

Correctional Center, Angie, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against

the Local Rule Policy Maker for the First Circuit Court of Appeal ("Defendant").[1]  Plaintiff alleges

the local rules of the Louisiana First Circuit Court of Appeal ("First Circuit") do not adequately

protect the rights of those convicted in state court because the local rules for the First Circuit do

not provide as a matter of course for "multiple bill proceeding transcripts" to be included in the

appeal record.[2]

In March 1998, Plaintiff was convicted of first-degree rape and sentenced to 25 years in

prison.[3]  Plaintiff was subsequently adjudicated a second felony offender and was resentenced to

50 years.[4]  Appellate counsel filed appeals challenging both Plaintiff's conviction and sentence.[5]

However, according to Plaintiff, appellate counsel failed to assign error to Plaintiff's second

offender adjudication on appeal and did not introduce the "multiple bill proceeding transcripts."

Plaintiff alleges that since the First Circuit's local rules do not require multiple bill proceeding

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 4.
[3] R. Doc. 1, p. 3.
[4] R. Doc. 1, p. 4.
[5] R. Doc. 1, p. 4.

transcripts to be included in all criminal appeals lodged wherein such transcripts exist, Plaintiff has been deprived of a right or privilege.[6]

Plaintiff requests that this Court order the First Circuit to retroactively adopt and implement procedural protections, which would require multiple bill transcripts to be lodged with the appellate court as a matter of course.[7]  Plaintiff also, essentially, requests that this Court order the First Circuit to reconsider Plaintiff's appeal with the multiple bill transcripts.

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action or claim brought by a prisoner who is proceeding *in forma pauperis*, or who is asserting a claim against a governmental entity or an officer or employee of a governmental entity, if satisfied that the action or claim is frivolous, malicious or fails to state a claim upon which relief may be granted.

An action or claim is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[8]  A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[9]  A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[10]  The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[11]  Pleaded facts that are merely improbable or strange, however, are not frivolous for purposes of § 1915.[12]  A § 1915

---

[6] R. Doc. 1, p. 4.

[7] Plaintiff discusses the alleged procedural protections provided by the local rules for the Louisiana Fourth Circuit Court of Appeals.  Specifically, Rule 17 provides, in pertinent part, "[c]riminal appeal records lodged with the Fourth Circuit shall contain the trial transcript, the sentencing and multiple bill transcripts (if the defendant was sentenced as a multiple offender under La. R.S. 15:529.1), and any other transcript designated by the parties."

[8] *Denton v. Hernandez*, 504 U.S. 25, 31 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hicks v. Garner*, 69 F.3d 22, 24-25 (5th Cir. 1995).

[9] *Id.* at 32-33.

[10] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

[11] *Denton v. Hernandez, supra*, 504 U.S. at 32.

[12] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).

dismissal may be made at any time, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."[13]

In this matter, though couched as a procedural due process claim, Plaintiff ultimately seeks to relitigate his state court appeal due to alleged ineffective assistance of counsel.[14] Plaintiff admits that his appellate counsel failed to assign as error the multiple bill adjudication. In Plaintiff's previous petition for *habeas corpus* relief, he argued ineffective assistance of appeal counsel, yet Plaintiff did not argue that appeal counsel was ineffective for failing to assign error regarding the multiple bill proceedings. Regardless, Plaintiff's petition for *habeas* relief was denied as untimely.[15] Plaintiff's argument here is essentially that courts should be required to adopt rules to prevent any attorney neglect. *Habeas corpus* proceedings are available to protect against attorney neglect that deprives a defendant of the constitutionally protected right to effective assistance of counsel in criminal actions. Plaintiff has already taken advantage of such proceedings. Notably, Plaintiff's second and successive *habeas* petition was also dismissed.[16]

Moreover, this Court is not the overseer of state appellate courts. Rather, the Louisiana Supreme Court has "general supervisory jurisdiction over all other [state] courts."[17] The Louisiana Supreme Court has the power to "establish procedural and administrative rules."[18] "These constitutional provisions explicitly and implicitly establish in the Supreme Court a centralized authority to supervise the judicial system, not only in legal interpretation and adjudication, but also

---

[13] 28 U.S.C. § 1915(e)(2).

[14] R. Doc. 1, p. 4. ("[T]rial counsel did not designate the multiple bill proceeding transcript or assign errors relating to Plaintiff's second offender adjudication on appeal. Moreover, the appellate attorney did not challenge Plaintiff's second offender adjudication in Plaintiff's first appeal as of right in state court.").

[15] *Derrick Pierre*, 04-cv-540-JJB-DLD (M.D. La. June 28, 2007).

[16] *In re: Derrick Pierre*, No. 15-30562 (5th Cir. Aug. 6, 2015).

[17] La. Const. Art. 5, § 5.

[18] La. Const. Art. 5, § 5.

in the manner the lower courts conduct their affairs procedurally and administratively."[19]  Further,

it is not the function of this Court to sit as a "super state supreme court."[20]  This Court also does

not have the authority to order any Court of Appeal in this State to reconsider an appeal nor can

this Court order any Court of Appeal in this State to adopt any rules, procedural or otherwise.

Thus, this Court has no procedure by which it could grant Plaintiff the relief he seeks.

Based on the foregoing, the Court concludes that Plaintiff's allegations in this case fail to

set forth a claim for relief that is cognizable in this Court.  Accordingly, it is recommended that

Plaintiff's action be dismissed with prejudice for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

### RECOMMENDATION

It is **RECOMMENDED** that Plaintiff's action be **DISMISSED, WITH PREJUDICE**,

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and

1915A.[21]

**IT IS FURTHER RECOMMENDED** that Plaintiff's pending Motions[22] be **DENIED AS**

**MOOT**.

Signed in Baton Rouge, Louisiana, on July 23, 2019.

ERIN WILDER-DOOMES
**UNITED STATES MAGISTRATE JUDGE**

---

[19] *Twenty-First Judicial Dist. Court v. State*, 548 So.2d 1208, 1209 (La. 1989).

[20] *Wilkerson v. Whitley*, 16 F.3d 64, 67 (5th Cir. 1998) (internal quotations omitted).

[21] Plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

[22] R. Docs. 6 & 8.